UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO. 3:02CR80 (JBA)** |
| | : | |
| **LAN SUN, a.k.a. SAM** | : | **NOVEMBER 3, 2004** |

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government submits this Memorandum in anticipation of defendant's sentencing hearing on November 5, 2004 and to address two issues raised by the revised PSR and the defendant's sentencing memorandum, namely a request of an adjustment for acceptance of responsibility and consideration of additional sentence or deportation the defendant faces. The Government opposes the recommendation in the revised PSR that the defendant receive a 3 level reduction for acceptance of responsibility. Further, the Government opposes the defendant's request for a reduced or lower sentence because he faces an additional period of incarceration in New York and deportation.

**I.   Acceptance of Responsibility**

The initial PSR, issued on or about September 17, 2003, recommended no reduction for acceptance of responsibility because "the defendant ha[d] not admitted responsibility for the offense." PSR at ¶ 42. At the time the PSR was issued, the defendant had failed to report to the scheduled interview with the United States Probation Officer, failed to report to pre-trial services and absconded. The defendant's fugitive status did not change until his arrest in January of 2004.

The revised PSR, issued in October 20, 2004, recommended a two level reduction because "the defendant has admitted responsibility for the offense" and an additional one level reduction under Guideline § 3E1.1(b) (1) "because of the timely provision of full information about the

offense." Revised PSR at ¶ 44.  However, the only factual change between the initial PSR and the revised PSR is that the defendant was arrested, detained and for the first time since his plea available for an interview with the United States Probation Office.   This series of events hardly amounts to a "**timely** provision of full information about the offense" to warrant a reduction.

Rather, under the terms of the plea agreement and the applicable guidelines, defendant is not entitled to any reduction for acceptance of responsibility.  As set forth in the plea agreement between the parties, the defendant understood that the 3 level reduction for acceptance of responsibility would not be recommended by the Government "if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1) . . . or (3) constitute a violation of any condition of release.  See also Application Notes 1(b) and 4 to U.S.S.G. § 3E1.1.

Defendant's post plea conduct and subsequent admissions to the United States Probation Office not only establish that he did not terminate or withdraw from criminal conduct or associations, it constitutes a violation of his conditions of release[1] and a reduction is not appropriate. See United States v. Borrego, 2004WL 2417673 (2d Cir. 2004)(PSR recommended no acceptance because of defendant's flight post-plea and cooperation but prior to sentencing); United States v. Cimino, 381 F.3d 124, 129 (2d Cir. 2004);  United States v. Guzman, 282 F.3d 177, 184 (2d Cir. 2002) (reduction denied where defendant's post-plea conduct was inconsistent with acceptance of responsibility).  Thus, this Court should exercise its discretion in denying a reduction for acceptance of responsibility.

---

[1] It should be noted that a reduction is particularly inappropriate given that the PSR is not recommending a 2 level enhancement for obstruction of justice for his post-plea conduct.

## II. Additional Sentence and Potential Deportation

Defendant argues that because he faces a potential additional sentence of 30 to 37 months in the case pending before the Southern District of New York and ultimate deportation, this Court should impose a lower sentence. The Guideline range and sentence the defendant faces in New York is lower than that stipulated to in the plea agreement filed in this case. While deportation is a likely consequence, it is by no means certain. The defendant had a prior serious drug conviction, which did not result in his deportation to China. To adjust or reduce defendant's sentence based on these factors would specifically reward the defendant for his subsequent criminal conduct[2] and would be inappropriate.

                                            Respectfully submitted,

                                            KEVIN J. O'CONNOR
                                            UNITED STATES ATTORNEY

                                            MARIA A. KAHN
                                            ASSISTANT UNITED STATES ATTORNEY
                                            157 CHURCH STREET
                                            NEW HAVEN, CT 06510
                                            Tel. (203) 821-3700
                                            Federal Bar No. CT06573

---

[2] Unlike a downward departure pursuant to U.S.S.G. § 5K1.1, a departure based on a potential sentence or deportation the defendant faces rewards the defendant for his subsequent criminal conduct.

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 3rd day of November, 2004, to the following:

Kurt Zimmerman, Esq.
234 Church Street
New Haven, CT 06510
Fax (203) 865-0255

Jacqueline Carroll
United States Probation Officer
157 Church Street, 22nd Floor
New Haven, CT 06510
Fax (203) 773-2200

 

                                                _____
                                                MARIA A. KAHN
                                                ASSISTANT U.S. ATTORNEY